THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>PLAINTIFF )<br>)<br>V. )<br>)<br>LUC RICHARD CHOULOUTE )<br>DEFENDANT ) | CRIMINAL NO. 02-10153-Rek<br><br>Defendant's Motion to Vacate and/or Reduce Sentence Pursuant to M.G.L. c. 278, Section 29D |

Now comes the Defendant who respectfully moves this court to Vacate Judgement and/or Reduce sentence pursuant to M.G.L. c278, Section 29D. According to M.G.L. c.278, Section 29D, at the time of a plea the court must advise the defendant that a guilt plea or an admission to sufficient facts, wich could result in a guilt finding, may have three specifics immigration consequences.
1) Deportation 2) Exclusion of admission to the U.S. 3) Denial of Naturalization.

In Support of this motion, the Defendant States the following
1- In the disposition of this case, on 9-30-02, before Honorable Judge Robent E. Keeton, the Defendant waived his right to trial, pleaded guilty, and admitted to sufficient facts on the complaint

2- The court entered a guilt finding on the complaint.

3- The court did not fully give the defendant an advisement of the Immigration consequence of his plea as required by M.G.L. C. 278, & 29D.
   For Example: The legislature has put the three required warnings in question marks, and each of them is required to be given so that a person pleading guilty knows exactly what Immigration Consequences his plea may have. It is incumbent on the court to notify a defendant that there are three specifics consequences 1) Deportation 2) Exclusion of admission to the U.S. 3) Denial of Naturalization.

See Commonwealth V Soto (431 Mass. 340,727 N.E 2d 811 (MAss 2000)

   In Soto's case, before accepting plea, the court only advise him of two specifies Immigration Consequences 1) Deportation and 2) Denial of Naturalization. Failure to advise defendant that plea could result to a third Consequence [ Exclusion of admission to the U.S.], the appeals court rendered the plea invalid, and decided to vacate & remande Judgement See 47Mass. APP.CT.914,712 N.E.2d 1164.

4- In this Matter, the defendant States that before accepting the plea, the court only advised him of two Immigration Consequences. 1) Deportation. 2) Exclusion of admission to U.S. ( Referal to page 11, line 21 thru 25 of the transcript), the court never advised defendant about denial of Naturalization as a result of the plea.  See 41ALR, Federal 874 Construction and application. Rule 11 (c) of Federal fules of criminal procedure as amended in 1975, Requiring Court to give all three advices to deffendant before

(1)

Accepting plea of guilty or Nolo Contendere.

5- The defendent State that the plea Agreement signed between/by him and the U.S. Attorney office, also Advised him of only two Immigration consequences 1) Deportation 2) Exclusion of adission to the U.S.

6- At the sentencing hearing, the Defendant States that the assistant U.S. Attorney mentioned to Court that it is not Automatic Deportation Concloding Sentencing. (Referal to page 3&4 of that transcript).

7- The defendans waived his right to appeal from this disposition

8- **The** defendant has been issued an order to show cause by Immigration and Naturalization service, charging him that he is deportable from the U.S. as a result of this Conviction in this case.
Because of this conviction in this case, the defendant is in Deportation Proceedings and may be Deportable from the U.S.

9- The Defendant has never been arrested or convicted for anything else since being in the U.s.

10 Defendant has never violated his Probation.

### Defendant's Argument

A relative Immigration visa Petition (I-130) file on 2-14-01 by the Defendant's wife, who is a U.S. Citizen, was qpproved by Immigration and Naturalization service on 7-1-05 while the Defendant is in custody.

This Petition being approved, Makes the Defendant eligible to adjust his Status and later Becoming a U.S. Citizen. Because on this conviction based on his Guilty Plea where Denial of Naturalzation was never advised to the Defendant, he is about to suffer of the failure of the Plea.

If deported, according to the Immicration Guidelines 8U.S.C. & 1182 (a) (9)(A) The defendant can later return to the U.S. Legally, then becoming a U.S. Citizen, but Because of this Conviction he may be denied Natuizalization.

Wherefore, The Defendant Respectfully Requests that the Guilty Finding or Judgement be Vacated and/or his sentence be Reduced to anything less than one year.

_____
Defendant

(2)

## CONCLUSION

    For all of the Above, I Respectfully ask this Court to Accept all the facts, Documents and Arguments Presented to the Court on My Behalf.

Enclosed are:- Copy of notice of approval of Relative Immigrant Visa Petition.

        - Copy of the Respondent's pleadings in his removal Proceenings. (2 pages).

        - Copy of Page 11 of the Plea Hearing (line 21 thru 25).

        - Copy of Pages 3&4 of the sentencing Hearing.

        - Copy of Page 2 of Plea agreement.

                                    <u>Luc Richard Chouloute</u>
                                          name of Def
                                          Bristol County HOC
                                          400 Faunce Corner RD
                                          N. Dartmouth, MA 02747