— UNITED S. DISTRICT COURT —

DISTRICT OF MASSACHUSETTS

Luc Richard Chouloute, Pro se
Petitioner,

v

UNITED STATES OF AMERICA
Respondent,

CIVIL NO. 05-11756-REK

FILED
CLERKS OFFICE
2005 OCT 18 P 2:07
U.S. DISTRICT COURT
DISTRICT OF MASS

## SUPPLEMENTARY TO GOVERNMENT'S RESPONSE TO PETITIONER'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT 28 U.S.C. SEC. 2255

ON OR ABOUT 10/9/05, THE GOVERNMENT RESPONDED TO PETITIONER'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE.

**A** - THE ASSISTANT U.S. ATTORNEY FOR THE GOVERNMENT, IN HER RESPONSE, IS ASKING THIS COURT TO DISMISS OR DENY THE INSTANT MOTION BECAUSE IT WAS FILED OUTSIDE THE STRICT ONE-YEAR LIMITATION.

1) Petitioner ARGUES THE TIMELINESS OF HIS PETITION BY ASKING THIS COURT TO SEE **MANDARINO v ASHCROFT**, 290 F. Supp. 2d 253, 258 N.2 (D. Conn. 2002)

THE **MANDARINO** COURT DECIDED TO VACATE HIS SENTENCE, ALTHOUGH HE WAS SENTENCED ON APRIL 7, 1993 AND DID NOT FILE HIS MOTION UNTIL AUGUST 2001. MANDARINO ARGUED THAT AT HIS SENTENCING HEARING HE WAS NOT AWARE NOR ADVISED BY HIS COUNSEL THAT A SENTENCE IN EXCESS OF FIVE YEARS IMPRISONNEMENT WOULD MAKE HIS CRIME AN AGGRAVATED FELONY WICH MADE HIM INELIGIBLE TO SEEK A WAIVER UNDER 212(c). THE CIRCUMSTANCES IN THIS CASE INDICATE THAT NEITHER THE GOVERNMENT NOR THE DEFENSE COUNSEL WERE AWARE OF THE APPLICABLE LAW AT THE OF SENTENCING, THE FACTUAL OR LEGAL BASIS WAS NOT REASONABLY MADE KNOWN TO HIM UNTIL THE COMMENCEMENT OF DEPORTATION PROCEEDINGS AGAINST HIM. HIS UNDERSTANDING WAS THAT HE WOULD BE ABLE TO SEEK A WAIVER WHEN HE TOOK THE PLEA.

- THE **MANDARINO** COURT, IN THESE CIRCUMSTANCES, DETERMINE THAT HIS ONE-YEAR LIMITATION START AT THE MOMENT IMMIGRATION INFORMED HIM OF HIS DEPORTATION PROCEEDINGS WICH WAS DATED ON 11/15/2000.

2) IN THE PRESENT CASE, CHOULOUTE IS ARGUING THAT HE RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL AT THE SENTENCING HEARING, HIS DEFENSE COUNSEL (MR JOHN CONNELL) WHO ADMITTED TO DO A lot OF IMMIGRATION DID NOT MENTION TO THIS COURT THAT A SENTENCE OF 3 YEARS SUPERVISED RELEASE WOULD MAKE HIS DETENTION WITH I.N.S. BECOME MANDATORY, NEITHER DID THE ASSISTANT U.S. ATTORNEY. PETITIONER ADMITS THAT HE WAS AWARE THAT HE COULD BE DEPORTED BECAUSE OF THE CONVICTION BUT HE WAS NEVER INFORMED THAT HIS SENTENCE WOULD BE A MAJOR PART OF HIS CURRENT DETENTION AND HIS DEPORTATION.

- PETITIONER WAS TAKEN INTO I.N.S. CUSTODY ON 1/25/05, LATER HE WAS INFORMED BY IMMIGRATION COURT THAT HIS CRIME WAS CONSIDERED AS A CRIME OF MORAL TURPITUDE, THEREFORE HE IS IN MANDATORY DETENTION AND IS NOT ENTITLED FOR BOND BECAUSE HE ACCEPTED A SENTENCE OF ONE YEAR OR LONGER. (SEE IMMIGRATION GUIDELINES 8.U.S.C. 1226(c)).

- ON JUNE 16, 2005, Petitioner ASKED HIS LAWYER (MR CONNELL), WHO WAS DOING HIS IMMIGRATION CASE, TO WITHDRAW AS HIS COUNSEL.
  (MR CONNELL WAS HIS DEFENSE COUNSEL IN THE CRIMINAL PROCEEDINGS.)

- Petitioner lATER FOUND OUT THAT CRIME OF MORAL TURPITUDE DOES NOT CAUSE PROBLEM IF IT HAD A POSSIBLE SENTENCE OF ONE YEAR OR LESS AND THE SENTENCE IMPOSED WAS 6 MONTHS OR LESS.

FOR THE <u>TIMELINESS OF THIS MOTION</u>, PETITIONER ARGUES THAT IF HE WAS INFORMED BY THE GOVERNMENT OR HIS DEFENSE COUNSEL WHO IS AN IMMIGRATION SPECIALIST, HE WOULD HAVE APPEALED THE DECISION ON TIME AS REQUIRED THE LAW. THEREFORE HIS MOTION'S FILING SHOULD FIND TO BE TIMELY PURSUANT 2255 (4).

B- THE U.S. ATTORNEY STATED THAT EVEN IF THIS COURT REACHED THE MERITS OF THIS CLAIM, DENIAL IS IN ORDER BECAUSE PETITIONER ARGUES IN TERMS OF IRRELEVANT STATE LAW.

1) PETITIONER (IN PRO SE) ADMITS THAT HE DOES NOT KNOW ANYTHING ABOUT LAW AND HE IS ONLY FIGHTING BASED ON HIS PERSONAL RESEARCH, BUT HE BELIEVES IN THE JUDICIARY SYSTEM OF THE UNITED STATES. M.G.L.C. 278 SEC. 29D IS A MASSACHUSETTS STATE LAW, THEREFORE PETITIONER IS WONDERING IF A STATE LAW SHOULD NOT GET ANY CONSIDERATION FOR A CRIME COMMITED IN THE SAME STATE, OR IF THE U.S. DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS SHOULD COMPLETELY IGNORE THE LEGISLATURE OF THE STATE OF MASSACHUSETTS.

2) IF THIS COURT COULD LOOK TO STATE LAW IN REVIEW OF THE PETITIONER'S MOTION, IT IS CLEAR THAT 29D WOULD HELP THE PETITIONER BECAUSE IT SAYS THAT IF THE COURT FAILS TO ADVISE DEFENDANT OF THE THREE IMMIGRATION CONSEQUENCES, (1) DEPORTATION 2) EXCLUSION 3) DENIAL OF NATURALIZATION), AND HE LATER AT ANY TIME SHOWS THAT HIS PLEA AND CONVICTION MAY HAVE OR HAS HAD ONE OF THE ENUMARATED CONSEQUENCES, EVEN IF DEFENDANT HAS ALREADY BEEN DEPORTED FROM THE U.S., THE COURT, ON DEFENDANT'S MOTION SHALL VACATE THE JUDGEMENT.

3) IN THIS PRESENT CASE, PETITIONER WHO HAD NO PRIOR CRIMINAL RECORD AND NEVER BEEN ARRESTED AFTER THIS CASE, STATED THAT WITHOUT THIS CONVICTION AND THIS SENTENCE, HE MAY LATER BECOME A U.S. CITIZEN, BUT WHEN HE TOOK THE PLEA NO ONE MADE HIM AWARE OF THAT ONE CONSEQUENCE.

THEREFORE, PETITIONER IS ASKING THIS COURT TO USE HIS DISCRETION TO DETERMINE IF A MASSACHUSETTS LAW HAS NO POWER IN THE U.S. DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS.

C-1) It is apparent that the plea agreement, transcripts of the change of the plea hearing and the sentencing hearing are showing that petitioner received innefective assistance of counsel both at the plea of guilty and sentencing hearing.

2) The government and the defense counsel, who is an immigration specialist, should have informed petitioner the consequences of the sentence.

3) Because of this failure, petitioner is suffering in custody and he is about to suffer more severe consequences.

4) Petitioner stated that both the government and his counsel defense took advantage of his ignorance at the time of his criminal proceedings by not informing him of the possible consequence if he accepts 3 years of supervised release.

## Conclusion

For the above reasons, the petitioner respestfully requests that his motion to vacate, set aside or correct sentence be GRANTED.

Luc Richard Chouloute, Pro se Petitioner

400 Faunce Corner Road
N. Dartmouth, MA 02747
Bristol County Jail.

DATE: 10/15/05

## Certificate of Service

N. Dartmouth, MA
October, 15, 2005

I, Luc R. Chouloute, Petitioner, do hereby certify that I have served this day a copy by mail of the same to the U.S. Attorney office at 1 Courthouse Way, Boston, MA, 02210.