UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
                              )
LUC RICHARD CHOULOUTE,        )    CIVIL NO. 05-11756-REK
          Petitioner          )
                              )
          v.                  )
                              )
UNITED STATES OF AMERICA,     )
          Respondent.         )
```

**GOVERNMENT'S RESPONSE TO PETITIONER'S MOTION FOR
LEAVE TO AMEND HIS INITIAL 28 U.S.C. § 2255 MOTION**

On October 18, 2005, petitioner Luc Richard Chouloute a/k/a Reginald Pierre ("Chouloute") filed what he termed a "Supplementary to Government's Response." Insofar as it is better viewed as a motion for leave to amend[1] the original 28 U.S.C. §2255 motion, the government urges this Court to deny the instant filing. The underlying amendment is time-barred and futile. Even if this Court could look beyond the procedural bars, it fails on the merits.

The government largely rests on its initial response. The original §2255 motion was clearly untimely and, alternatively, failed outright on the merits. It was filed more than 18 months after the expiration of Chouloute's one year time limit, and was argued in terms of wholly inapplicable state law. As the

_____

[1]In Christopher v. United States, 146 F.Supp.2d 146, 149 (D.R.I 2001), the court explained that because the petitioner filed an "amendment" over a year after his sentence became final, and because he had not obtained leave of court to amend, the filing was "regarded as a motion for *leave* to amend." (Emphasis in original).

government's response addressed these arguments in great detail,
the following serves only to briefly underscore the infirmities
of the instant filing.

### Argument[2]

### THE MOTION TO AMEND SHOULD BE IGNORED BY THIS COURT BECAUSE IT IS UNTIMELY, FUTILE AND, ALTERNATIVELY, WITHOUT MERIT.

The Anti-terrorism and Effective Death Penalty Act of 1996,
Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA") imposed the
aforementioned one year window within which federal prisoners may
file a 28 U.S.C. §2255 petition.  This "stringent time
restriction[]" was enacted by Congress to "advance the finality
of criminal convictions" and to "expedite collateral attacks."
Mayle v. Felix, --- U.S. ----, 125 S.Ct. 2562, 2570-2573
(2005)(citations omitted).  The stringency of the AEDPA's time
limit is underscored by Congress' demand that petitioners
"specify *all the grounds* for relief available" in their initial
motion, and suggests caution when considering amendments to §2255
motions.  Rule 2(b)(1), 28 U.S.C. fol. §2255 (emphasis added).

In light of this, and for the reasons that follow,
Chouloute's motion for leave to amend and the underlying claims
should be denied by this Court, for it clearly exceeds its
statutory time limit and runs afoul of precedent.

---

[2] Please refer to the October 11, 2005 "Government's
Response to Petitioner's Motion" for details regarding the facts
and procedural history of the underlying criminal case.

A section 2255 motion, "like a petition for habeas corpus[,] is not a proceeding in the original criminal prosecution but an independent civil suit." <u>Rogers v. United States</u>, 180 F.3d 349, 352 n. 3 (1st Cir. 2002)(citation omitted).  Because §2255 petitions "may be amended...as provided for in the rules of procedure applicable to civil actions," <u>see</u> 28 U.S.C. §2242, "Federal Rule of Civil Procedure 15 governs amendments to...§2255 proceeding[s]." <u>United States v. Ciampi</u>, 419 F.3d 20, 23 (1st Cir. 2005)(citations omitted).

Chouloute's amendment was filed after the government responded, obviously precluding Chouloute from amending the original as a "matter of course." Fed.R.Civ.Proc. 15(a).  The preliminary matter, therefore, is whether this Court should grant Chouloute leave to amend the initial §2255.  While this Court may "freely" do so if "justice so requires," <u>Id</u>, the government submits that such should not be granted because leave to amend "need not be permitted when the proposed amendment would be futile." <u>Christopher</u>, 146 F.Supp.2d at 150; <u>see</u> <u>also</u> <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962)(futility of amendment grounds for denial of leave to amend).  Such futility is obvious in the instant matter.

Logic dictates that for an amended filing to be accepted under Rule 15, an initial §2255 motion, like civil matters, *must* be timely submitted.  <u>See</u>, <u>e.g.</u>, <u>Christopher</u>, 146 F.Supp.2d at

3

149; Ciampi, 419 F.3d at 23; Mayle, 125 S.Ct. at 2570-2573.  If
an original motion is untimely, it necessarily follows that a
subsequent amendment of said filing is automatically untimely as
well.  As discussed in the government's initial response,
Chouloute's original §2255 motion was filed more than 18 months
late, warranting outright dismissal.  The instant filing is thus
futile because it too was filed well outside the one year window.

     Even if this Court were to reach the merits of the amended
motion, it is clear from a cursory review of the facts that
Chouloute's arguments are baseless.  He contends that his
original motion was, in fact, timely filed, citing Mandarino v.
Ashcroft, 290 F.Supp.2d 253, 259 (D.Conn. 2002).  Chouloute here
tries to force a square peg in to a round hole.

     Chouloute's argument rests on the Mandarino court's holding
that even though the petitioner filed his §2255 motion almost
nine years after he was sentenced, it was nonetheless timely.
290 F.Supp.2d at 259-260.  The court relied on §2255(4), which
states that the AEDPA one year time limit runs from "the date on
which the facts supporting the claim presented could have been
discovered through the exercise of due diligence."  Id. at 259.
A Supreme Court decision had retroactively lent force to the
statute supporting Mandarino's claim.  There is no such
circumstance here to which Chouloute may turn, for his §2255
motion--and the instant amendment--remains time-barred.

                                4

Regardless of the procedural issue, the <u>Mandarino</u> decision further hardens against Chouloute.  The court emphasized that a guilty plea "entered while ignorant of the relevant immigration law" does not run afoul of federal precedent nor does it violate Rule 11 of the Federal Rules of Criminal Procedure governing pleas.  <u>Id</u>.

Chouloute also states, in claiming that he received ineffective assistance of counsel, that the government and counsel "took advantage of his ignorance" and did not inform him of the possible consequences of accepting a guilty plea.  <u>See</u> Def.'s Supplementary Motion at 4.  This argument is baseless for three reasons.

First, Chouloute defeats his own claim.  He writes that he "admits that he was aware that he could be deported because of the conviction."  <u>See</u> Def.'s Supplementary Motion at 2.  Yet, in the same sentence, writes that he "was never informed that his sentence would be a major part of his current detention and [possible] deportation."  <u>Id</u>.  It is clearly disingenuous to admit awareness of the *possibility* of an occurrence and in the same breath claim to be uninformed when said possibility actually materializes.

Second, as discussed in detail in the government's initial response, deportation is a legally irrelevant collateral result of a guilty plea that has no bearing on the machinations of

5

federal district courts.  See United States v. Gonzalez, 202 F.3d
20, 27 (1st Cir. 2000); see also Nunez-Cordero v. United States,
533 F.2d 723, 726 (1st Cir. 1976); Mandarino, 290 F.Supp.2d at
259.  Chouloute's imminent deportation as a result of his guilty
plea is a wholly administrative matter that will be resolved by
the Immigration and Naturalization Service ("INS").  See
Gonzalez, 202 F.3d at 27.

Finally, ineffective assistance of counsel claims must show
that 1) counsel's performance fell "below an objective standard
of reasonableness," and 2) "but for counsel's unprofessional
errors, the result of the proceeding would have been different."
Mandarino, 290 F.Supp.2d at 261 (citing Strickland v. Washington,
466 U.S. 668, 688, 694 (1984)).  With regard to accepting guilty
pleas, the Mandarino court stated that "counsel's performance
will not be considered ineffective...absent an affirmative
misrepresentation of immigration consequences."  Id. at 259
(citation omitted).

The record here, outlined in considerable detail in the
government's initial response, clearly demonstrates that
Chouloute's counsel, John Connell ("Connell"), acted reasonably
during the district court case.  Indeed, indicative of Connell's
proficiency, Chouloute retained him to assist throughout the INS
proceedings.  Ties were not severed between them until June 16,
2005.  See Def.'s Motion at 2.

6

Chouloute was clearly not uninformed regarding his deportation risk.  Nor did Connell misrepresent any possible immigration consequences Chouloute risked by pleading guilty.  In fact, Connell stated in open court that deportation was "imminent and inevitable."  Dispos. Tr. at 4:25-5:1.

### CONCLUSION

The government is satisfied that its initial response sufficiently addressed Chouloute's original §2255 petition, and, for the above reasons, it hereby opposes the instant motion to amend Chouloute's original §2255 petition.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:

/s/Antoinette E.M. Leoney
ANTOINETTE E.M. LEONEY
Date: November 2, 2005          Assistant U.S. Attorney


### CERTIFICATE OF SERVICE

Suffolk, ss.                    Boston, Massachusetts
                                November 3, 2005


I, Antoinette E.M. Leoney, Assistant U.S. Attorney, do hereby certify that I have served this day a copy of the foregoing by mailing a copy of the same to Respondent Luc Richard Chouloute (*Pro Se*) at Bristol County House of Correction, 400 Faunce Corner Road, N. Dartmouth, MA 02747.

/s/Antoinette E.M. Leoney
ANTOINETTE E.M. LEONEY

7