UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                              )
LUC RICHARD CHOULOUTE,        )
      Petitioner              )
                              )
                              )
      v.                      )   CIVIL ACTION
                              )   NO. 05-11756-REK
                              )
UNITED STATES OF AMERICA,     )
      Respondent              )
                              )
_____)
```

**Opinion**
December 22, 2005

**KEETON, <u>Senior District Judge</u>**.

### I. Pending Matters

Pending for decision are matters related to the following filings:

(1) Petitioner's Motion to Vacate and/or Reduce Sentence Pursuant to M.G.L. c. 278, Section 29D (Docket No. 1, filed August 22, 2005); and

(2) Petitioner's Supplementary to Government's Response to Petitioner's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. sec. 2255 (Docket No. 4, filed October 18, 2005).

### II. Procedural History

On September 25, 2002, the petitioner entered into a written plea agreement with the Government. On September 30, 2002, I conducted a change of plea hearing at which the

petitioner changed his plea to guilty. On January 15, 2003, I conducted a sentencing hearing and, on January 23, 2003, I issued the petitioner's Judgment Order, sentencing him to a probation term of three years, fining him $300, and imposing a condition of his probation that if he were deported, he could not return to the United States without prior permission of the United States Attorney General. The petitioner did not appeal his sentence. On August 22, 2005, the petitioner filed Defendant's Motion to Vacate and/or Reduce Sentence Pursuant to M.G.L. c. 278, Section 29D. On October 9, 2005, the government filed Government's Response to Petitioner's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. §2255. On October 18, 2005, the petitioner filed Supplementary to Government's Response to Petitioner's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. sec. 2255. On November 2, 2005, the government filed Government's Response to Petitioner's Motion for Leave to Amend His Initial 28 U.S.C. § 2255 Motion.

### III.  Analysis

**A.     Construction of Petitioner's Motion**

As a preliminary matter, the petitioner's self-styled motion, Defendant's Motion to Vacate and/or Reduce Sentence Pursuant to M.G.L. c. 278, Section 29D**,** is in fact not a motion upon which I can render judgment. Accordingly, because the petitioner is acting *pro se*, I will construe the petitioner's motion as one under 28 U.S.C. § 2255 (1996) in order for the petitioner to have a legally cognizable motion to vacate his sentence. See Rodi v. Southern New England School of Law, 389 F.3d 5, 13 (1st Cir. 2004) (noting that plaintiff's *pro se* status "militates in favor of a liberal reading" of plaintiff's pleadings). Thus, I will address the petitioner's motion as


petitioner changed his plea to guilty. On January 15, 2003, I conducted a sentencing hearing and, on January 23, 2003, I issued the petitioner's Judgment Order, sentencing him to a probation term of three years, fining him $300, and imposing a condition of his probation that if he were deported, he could not return to the United States without prior permission of the United States Attorney General. The petitioner did not appeal his sentence. On August 22, 2005, the petitioner filed Defendant's Motion to Vacate and/or Reduce Sentence Pursuant to M.G.L. c. 278, Section 29D. On October 9, 2005, the government filed Government's Response to Petitioner's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. §2255. On October 18, 2005, the petitioner filed Supplementary to Government's Response to Petitioner's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. sec. 2255. On November 2, 2005, the government filed Government's Response to Petitioner's Motion for Leave to Amend His Initial 28 U.S.C. § 2255 Motion.

### III.  Analysis

**A.     Construction of Petitioner's Motion**

As a preliminary matter, the petitioner's self-styled motion, Defendant's Motion to Vacate and/or Reduce Sentence Pursuant to M.G.L. c. 278, Section 29D**,** is in fact not a motion upon which I can render judgment. Accordingly, because the petitioner is acting *pro se*, I will construe the petitioner's motion as one under 28 U.S.C. § 2255 (1996) in order for the petitioner to have a legally cognizable motion to vacate his sentence. See Rodi v. Southern New England School of Law, 389 F.3d 5, 13 (1st Cir. 2004) (noting that plaintiff's *pro se* status "militates in favor of a liberal reading" of plaintiff's pleadings). Thus, I will address the petitioner's motion as

one under 28 U.S.C. § 2255.

Next, the petitioner's "Supplementary" introduces a claim of "ineffective assistance of counsel" to his § 2255 motion, which initially stated only that the court failed to give him certain immigration warnings.  Therefore, as the government contends, the petitioner's Supplementary, at first glance, appears to be an amendment to his original § 2255 motion.  Still, because the petitioner is not well versed in the law, proceeds *pro se*, and likely believed that his Supplementary merely explained the claims made in his initial pleadings and responded to the government's response (see Docket No. 4 (forming rebuttal arguments under headings taken directly from government's response)), I will consider the arguments made within the petitioner's initial pleadings as well as those made in his Supplementary as comprising one complete § 2255 motion.

Moreover, insofar as the petitioner's Supplementary is seen as amending his initial pleadings, I allow the amendment because, as stated above, I believe that the petitioner filed his Supplementary as part of his § 2255 motion, and it would be unjust to disregard the arguments within his Supplementary when ruling on his § 2255 motion.  See Fed.R.Civ.P. 15(a) (explaining that leave to amend "shall be freely given when justice so requires").

As a final preliminary matter, I will not order a hearing on the petitioner's § 2255 motion because "the motion and the files and records of th[is] case conclusively show that the p[etitioner] is entitled to no relief."  28 U.S.C. § 2255.  Moreover, the petitioner has the burden of establishing that he is entitled to an evidentiary hearing and he has not met that burden in this case.  See Arroyo Maldonado v. United States, No. Civ. 04-2119(PG), CRIM.97-245(PG), 2005 WL 1308915, at *2 (D.P.R. June 1, 2005) (stating that petitioner has burden of proving that he is

entitled to evidentiary hearing).  Generally, when a court disposes of a § 2255 motion without a hearing, allegations must be accepted as true except to the extent they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.  Porcaro v. United States, 784 F.2d 38, 40 (1st Cir. 1986).  Thus, I will accept all of the petitioner's allegations as true unless they are as a matter of law conclusory, or they cannot be credited, or they are without foundation.

**B.      Petitioner's § 2255 Motion**

   **1.  Introduction**

The petitioner argues that, before accepting his plea, pursuant to Mass.Gen.L. ch. 278, § 29D (2004), he should have been advised of three immigration consequences: (i) deportation, (ii) exclusion of admission to the United States, and (iii) denial of naturalization, and the court failed to advise him of the third consequence - that his plea could result in a denial of naturalization.  The petitioner also argues that he had ineffective assistance of counsel because his counsel did not inform him of the possible immigration consequences of his sentence.  As a result, the petitioner argues that his sentence should be vacated or reduced.  The government argues that the petitioner's motion (i) is procedurally barred because it "was filed outside the strict one-year limitation imposed by the Antiterrorism and Effective Death Penalty Act of 1996...('AEDPA')," (ii) is "rooted solely in irrelevant Massachusetts state law," and (iii) fails "under applicable federal precedent."  (Docket No. 3.)  I find the government's arguments persuasive and thus deny the petitioner's motion.

   **2.      Limitation Period**

      **a.  Introduction**

Section 2255 of Title 28 of the United States Code states, in pertinent part:

> A prisoner in custody under sentence of a court...
> claiming the right to be released upon the ground
> that the sentence was imposed in violation of the
> Constitution or laws of the United States, or that...
> the sentence was in excess of the maximum
> authorized by law, or is otherwise subject to
> collateral attack, may move the court which imposed
> the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255 ¶1. The AEDPA imposes a one year period of limitation on a motion made under 28 U.S.C. § 2255. In this case, the limitation period runs from the later of:

> (1) the date on which the judgment of conviction
> becomes final;...or
> (4) the date on which the facts supporting the
> claim or claims presented could have been
> discovered through the exercise of due diligence.

28 U.S.C. § 2255 ¶6. With respect to the limitation period in 28 U.S.C. § 2255(4), the date on which the facts supporting the claims presented could have been discovered through the exercise of due diligence is when the limitation period begins, "regardless of whether petitioner actually discovers the relevant facts at a later date." Wims v. United States, 225 F.3d 186, 188 (2nd Cir. 2000). Thus, for the due diligence limitation period, if the relevant facts could have been discovered before August, 2004, the year before the petitioner actually filed his motion, the petitioner's motion is not timely.

### b. Final Judgment Limitation Period

Because the petitioner was sentenced on January 23, 2003, and elected not to appeal his guilty plea, his judgment became final on February 3, 2003. See Fed.R.App.P. 4(b)(1)(A) (2005) (stating that "a defendant's notice of appeal must be filed within 10 days after...the entry of the judgment or the order being appealed"); Moshier v. United States, 402

F.3d 116, 118 (2nd Cir. 2005) (stating that "[f]or purposes of § 2255 motions, an unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires"). Accordingly, the petitioner should have brought his § 2255 motion by February 3, 2004, one year from February 3, 2003, when his judgment became final. The petitioner, however, did not do so, nor was he entitled to equitable tolling under Section 2255. See Trenkler v. United States, 268 F.3d 16, 23 (1st Cir. 2001) (noting that equitable tolling of statute of limitation period of Section 2255 can only be allowed in "exceptional cases" and that motion of petitioner could not receive equitable tolling, even if equitable tolling were recognized in First Circuit, because petitioner presented "what [wa]s at best a garden variety claim of neglect"). Instead, the petitioner filed his motion on August 22, 2005, more than two and a half years after the final judgment in his case issued.

Thus, the petitioner cannot successfully argue that his § 2255 motion is timely under the final judgment date limitation period, since this one-year period has long since passed.

### c. Due Diligence Limitation Period

Because the petitioner failed to file within one year of his final judgment, in order for his § 2255 motion to be considered timely, he must establish that the facts on which he relies for his claims could not have been discovered without due diligence before one year of his filing. Consequently, by submitting his § 2255 motion on August 22, 2005, the petitioner is essentially arguing that the facts supporting his claim could not have been discovered using due diligence at any time before August 22, 2004.

The petitioner appears to be making two primary arguments within his § 2255 motion: (i) that the district court failed to give him required immigration warnings, and (ii) that he

had ineffective assistance of counsel because his counsel did not inform him of the immigration consequences of his plea. The petitioner also appears to be asserting that his plea was improper because the length of his sentence subjected him to mandatory detention by the INS while awaiting deportation proceedings. (Docket No. 4 at 2.) This assertion essentially restates his two primary arguments explained above - that his plea was improper because he was not fully advised of the immigration consequences or the procedures associated with those consequences.

The petitioner first became aware of the possibility that he could be deported or excluded from the United States on the day of his Rule 11 hearing on September 30, 2002, and later at his sentencing on January 15, 2003. In fact, the petitioner includes excerpts from both his Rule 11 hearing and his sentencing within his § 2255 petition that illustrate that the facts supporting his claims could have been discovered on January 15, 2003, or at minimum, sometime within 2003. For example, one excerpt states:

> THE COURT: Now, also, in the circumstances of this case, **you may be deportable and/or excludable by the United States Immigration and Naturalization Services** as a result of the conviction of the offenses to which you are pleading guilty. You understand that?
>
> THE DEFENDANT: **Yes, I understand.**

Rule 11 Hrg. Tr. 11:21-12:1 (Sept. 30, 2002) (emphasis added). Moreover, the petitioner's counsel, Mr. Connell, and the United States Attorney, Ms. Leony, also discussed the petitioner's possible immigration consequences at his sentencing. For example, another excerpt states:

> THE COURT: ...[W]hat exactly is the situation now with respect to possible deportation?
>
> MS. LEONY: [M]y understanding is that it is not an automatic deportation concluding sentencing [where] he's **basically taken into INS custody** and deported.

7

> He has certain rights under INS in terms of a hearing
> and that sort of thing...[M]y understanding is that he is
> not automatically deported...given the fact that he is in
> fact legally in the country at this point.
> -------
> MR. CONNELL: ...I do a lot of immigration, and I think that
> I would have to **disagree** with [Ms. Leony's] answer...
> **A criminal conviction at the Immigration Court, they do
> not look behind it. They just deport you.** He's married
> to a woman who has certain rights that he is going to try
> to attach himself to...[b]ut as a practical matter, in my opinion,
> **deportation is imminent and inevitable.** Based on my
> experience in that court with other defendants who have
> criminal records, they just do not listen to any arguments
> anymore since September 11.

Disp. Tr. 3:20-4:10; 4:17-5:4 (Jan. 15, 2003) (emphasis added).

At this point in his sentencing, the petitioner was put on notice that he was not a United States citizen and could be deported as a result of his conviction, whether or not his wife was a citizen with "certain rights." He also was put on notice that certain procedures, particularly being taken into the custody of the Immigration and Naturalization Services ("INS") to which the government alluded, might be associated with the "imminent and inevitable" deportation proceedings of which his attorney informed both him and the court. Therefore, the petitioner had one year from the date in 2003, when he was put on notice, to timely bring his § 2255 motion regarding his plea. The petitioner failed to do so.

I find it unbelievable that it took the petitioner almost three years of due diligence to discover that his sentence was longer than one year or that it was one of "moral turpitude" and that it might affect his deportation proceedings or his status in this country, as the petitioner claims (Docket No. 4). By using some modicum of diligence the petitioner could have discovered these facts concerning his immigration consequences before August, 2004. The petitioner knew,

of course, that he was an alien; he was aware of or could have learned the possible deportation consequences and custody proceedings that were discussed by the court and both attorneys at the petitioner's sentencing; and he had "plenty of time to take steps to inquire into his immigration status [for INS custody purposes]." Garcia v. United States, No. 05 Civ. 5334(LMM), 99 CR.918(LMM), 2005 WL 1948714, at *2 (S.D.N.Y. Aug. 12, 2005). Yet the petitioner simply neglected to do so. In fact, within his § 2255 motion, the petitioner "admits that he was aware that he could be deported because of the conviction." (Docket No. 4 at 2.) Accordingly, the petitioner has not made a credible allegation that, before August, 2004, he could not have discovered that his sentence was one that could subject him to mandatory detention or deportation, or prevent him from becoming a naturalized citizen.

Moreover, even if the court were required to give the petitioner certain immigration warnings, which it is not required to do (as explained below in Section (III)(B)(2) of this Memorandum and Order), the court gave him those required warnings during his Rule 11 hearing by informing the petitioner of his possible deportation and possible exclusion from the United States, see Rule 11 Hrg. Tr. 11:21-25. Furthermore, after the court asked the petitioner if he understood that he could face possible immigration consequences, the petitioner replied that he did. Id. at 12:1. Thus, the petitioner certainly could and should have used due diligence to discover facts to support his claim that the court's warnings were inadequate, at minimum, sometime within 2003, around the time of his sentencing, instead of arguing more than two and a half years after his sentencing that by using due diligence, he only discovered facts supporting this claim in August, 2004, at the earliest. This argument, like the petitioner's first argument, is without merit.

Consequently, both arguments fail because the petitioner made them outside of the applicable limitation period, and I thus dismiss the petitioner's motion as untimely.

**3.     Merits of Petitioner's Motion**

Even if I were to assume, contrary to my finding, that the petitioner's motion was timely, I find that the petitioner's underlying claims are without merit.

First, the petitioner claims that because of the district court's failure to inform him of his immigration consequences, particularly those found in Mass.Gen.L. ch. 278, § 29D, at the time of his plea, his sentence should be vacated or reduced. This claim fails for two reasons. First, the required warning within Mass.Gen.L. ch. 278, § 29D is required only in Massachusetts state court proceedings, not Massachusetts federal court proceedings. See, e.g., Ramos-Menieur v. United States, 151 F.Supp.2d 930, 930 n.1 (D. Mass. 2001) (stating that warning "is required in **state court** proceedings in...Massachusetts") (emphasis added); see also Fed.R.Crim.P. 11 (governing requirements of federal pleas and listing no requirement to inform defendant of immigration consequences). Second, federal district courts are not obliged to grant § 2255 motions based on an alleged failure to issue immigration warnings. See, e.g., United States v. Gonzalez, 202 F.3d 20, 28 (1st Cir. 2000) (denying petitioner's motion to withdraw his plea alleging that district court failed to inform him of plea's immigration consequences). Clearly, unlike the petitioner's belief, it is not for the federal court to advise the petitioner of every facet of his immigration consequences; instead, it is for the petitioner to address those consequences on his own. See Ramos-Menieur, 151 F.Supp.2d at 931 (stating that "[b]ecause deportation is a collateral consequence of a guilty plea, district courts are not obliged to grant plea withdrawal motions filed by defendants who realize, post-plea, the immigration implications of their

conviction").

Next, the petitioner's ineffective assistance of counsel claim also fails because the First Circuit has held that failure to advise a client of the immigration consequences of a plea does not constitute ineffective assistance of counsel.  See Gonzalez, 202 F.3d at 28 (barring all ineffective assistance claims based on attorney's failure to advise client of plea's immigration consequences).

Therefore, the petitioner's claims, even if timely, are without merit.

### FINAL ORDER

For the foregoing reasons, it is ORDERED:

(1) Petitioner's Motion to Vacate and/or Reduce Sentence Pursuant to M.G.L. c. 278, Section 29D (Docket No. 1) is DENIED; and

(2) Petitioner's Supplementary to Government's Response to Petitioner's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. sec. 2255 (Docket No. 4) is DENIED.

(3) This case is CLOSED.

_____/s/Robert E. Keeton\_\_\_\_\_
Robert E. Keeton
Senior United States District Judge